UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
Chris Mone,

                  Plaintiff,                    **MEMORANDUM & ORDER**

     -against-                                21-CV-06914 (DG) (LB)

New York State Unified Court System,

                  Defendant.
------------------------------------------------------------X
Colleen Mone,

                  Plaintiff,                    21-CV-06915 (DG) (LB)

     -against-

New York State Unified Court System,

                  Defendant.
------------------------------------------------------------X
DIANE GUJARATI, United States District Judge:

On December 10, 2021, Plaintiff Chris Mone and Plaintiff Colleen Mone, proceeding *pro se*, filed the above-captioned actions, respectively, against Defendant New York State Unified Court System. Defendant subsequently moved pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the operative Amended Complaint in each of the actions. *See Mone v. New York State Unified Court System*, No. 21-CV-06914, Amended Complaint, ECF No. 26, Motion to Dismiss, ECF Nos. 35-36; *Mone v. New York State Unified Court System*, No. 21-CV-06915, Amended Complaint, ECF No. 27, Motion to Dismiss, ECF Nos. 36-37.[1]

On March 22, 2023, Magistrate Judge Lois Bloom issued a Report and Recommendation

---

[1] Familiarity with the detailed procedural history and background of the above-captioned actions is assumed herein.

("R&R") recommending that Defendant's Motions to Dismiss be granted and that Plaintiffs not be granted leave to further amend the Amended Complaints.  *See generally* R&R, No. 21-CV-06914, ECF No. 40 and No. 21-CV-06915, ECF No. 41.

On April 11, 2023, each Plaintiff filed an objection to the R&R, arguing that the respective Amended Complaint should not be dismissed.  *See generally* Plaintiff Chris Mone's Objection to R&R ("Pl. Chris Mone's Obj. Br."), No. 21-CV-06914, ECF No. 42; Plaintiff Colleen Mone's Objection to R&R ("Pl. Colleen Mone's Obj. Br."), No. 21-CV-06915, ECF No. 43.  Defendant did not file any objections to the R&R and did not file any response to the objections filed by Plaintiffs.  *See generally* dockets.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).  A district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) (providing that a district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to"); *Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010) ("As to a dispositive matter, any part of the magistrate judge's recommendation that has been properly objected to must be reviewed by the district judge *de novo*."); *Lorick v. Kilpatrick Townsend & Stockton LLP*, No. 18-CV-07178, 2022 WL 1104849, at *2 (E.D.N.Y. Apr. 13, 2022).  To accept those portions of an R&R to which no timely objection has been made, however, "a district court need only satisfy itself that there is no clear error on the face of the record."  *Lorick*, 2022 WL 1104849, at *2 (quoting *Ruiz v. Citibank, N.A.*, No. 10-CV-05950, 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014)); *see also Jarvis v. N. Am. Globex Fund, L.P.*, 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011).

Liberally construing the objections of each *pro se* Plaintiff, *see generally* Pl. Chris Mone's Obj. Br.; Pl. Colleen Mone's Obj. Br., and out of an abundance of caution, the Court reviews *de novo* the R&R. A review of the R&R, the record, and the applicable law reveals that Judge Bloom, having, *inter alia*, carefully considered the issues of the Court's subject matter jurisdiction and whether a claim upon which relief can be granted has been stated in either Amended Complaint, properly concluded that Defendant's Motions to Dismiss should be granted and that Plaintiffs should not be granted leave to further amend. The Court therefore adopts the R&R's recommendations that Defendant's Motions to Dismiss be granted and that Plaintiffs not be granted leave to amend.

Accordingly, (1) the Motion to Dismiss in *Mone v. New York State Unified Court System*, No. 21-CV-06914, *see* ECF Nos. 35-36, is GRANTED and the Amended Complaint in that action, *see* ECF No. 26, is DISMISSED without leave to amend; and (2) the Motion to Dismiss in *Mone v. New York State Unified Court System*, No. 21-CV-06915, *see* ECF Nos. 36-37, is GRANTED and the Amended Complaint in that action, *see* ECF No. 27, is DISMISSED without leave to amend.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore denies *in forma pauperis* status for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment accordingly and to close the above-captioned actions.

SO ORDERED.

*/s/ Diane Gujarati*
DIANE GUJARATI
United States District Judge

Dated: June 20, 2023
　　　　Brooklyn, New York